UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| MCGIP, LLC, | No. C 11-02331 LB |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S *EX PARTE* MOTION FOR EXPEDITED DISCOVERY** |
| v. | |
| DOES 1-149, | |
| Defendants. | **[ECF No. 6]** |

## I. INTRODUCTION

Plaintiff MCGIP, LLC asserts claims for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* and for civil conspiracy. Complaint, ECF No. 1. It seeks permission to take limited, expedited discovery from certain Internet Service Providers ("ISPs") to identify and name the Doe defendants in this case so that it can complete service of process. *Ex Parte* Motion for Expedited Discovery, ECF No. 6 at 4. MCGIP consented to this court's jurisdiction on May 11, 2011. ECF No. 5.

As discussed below, the court finds good cause exists for MCGIP to engage in this preliminary discovery but only with respect to Doe 1. Because MCGIP has not demonstrated that permissive joinder is appropriate, the court severs Does 2-149 from this action and dismisses them without prejudice.

## II. BACKGROUND

MCGIP is a Minnesota-based company that is the exclusive licensee for the reproduction and distribution rights for "Watching My Daughter Go Black 2," a copyrighted file. Complaint, ECF

No. 1 at 2-3, ¶ 5, 4, ¶ 6. A copyright application for this work is currently pending. *Id.* at 6, ¶ 20. According to MCGIP, the Doe defendants, without its permission, reproduced and distributed "Watching My Daughter Go Black 2" to numerous third parties through a peer-to-peer file sharing network thereby violating the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* and causing economic and reputation damages. *Id.* at 7, ¶ 23, 8, ¶ 29; *see also id.* ¶¶ 32-39 (also claiming a common-plan civil conspiracy to unlawfully reproduce and distribute the work).

Because the peer-to-peer file sharing network that the Doe defendants utilized is partially anonymous, MCGIP does not know the defendants' names and addresses and cannot complete service of process on them. Motion, ECF No. 6 at 4. It has been able to identify the Internet Protocol ("IP") address assigned to each of the Doe defendants and the date and time that each defendant allegedly infringed on MCGIP's copyrighted work. *Id.*; Complaint, ECF No. 1-2 at 2-5, Exh. A. Additionally, MCGIP identified the Internet Service Provider ("ISP") for each of the IP addresses. Motion, ECF No. 6 at 5. MCGIP therefore asks for early discovery under Federal Rule of Civil Procedure 26(d) and leave to serve Rule 45 third-party subpoenas on each ISP associated with the identified IP addresses to obtain the names and contact information of the Doe defendants to effect service of process on them. *Id.* at 14-15 and Ex. A.

### III. DISCUSSION

**A. <u>Legal Standard for Leave to Take Early Discovery</u>**

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early discovery. *See, e.g., IO Group, Inc. v. Does 1-65*, No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-277 (N.D. Cal. 2002); *Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. C 10-0035, 2010 WL 2353520, at * 2 (E.D. Cal. June 9, 2010); *Yokohama Tire Crop. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards).

When the identities of defendants are not known before a complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that

1 discovery would not uncover the identities, or that the complaint would be dismissed on other
2 grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff
3 establishes good cause to learn the identity of Doe defendants through early discovery, courts
4 examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the
5 court can determine that the defendant is a real person who can be sued in federal court, (2) recounts
6 the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a
7 motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that
8 will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D.
9 Cal. 1999).

**1. Plaintiff Has Shown Good Cause**

Here, MCGIP has made a sufficient showing under each of the four factors listed above to establish good cause to permit it to engage in early discovery to identify the Doe defendants.

First, MCGIP has identified the Doe defendants with sufficient specificity by submitting a chart listing each of the defendants by the IP address assigned to them on the day it alleges the particular defendant engaged in the infringing conduct. *See* Exh. A, ECF No. 1-2 at 2-5; Hansmeier Decl., ECF No. 6-1 at 5-8, ¶¶ 12-20.

Second, MCGIP has adequately described the steps it took to locate and identify the Doe defendants. Specifically, it investigated and collected data on unauthorized distribution of copies of "Watching My Daughter Go Black 2" on BitTorrent-based peer-to-peer networks. Hansmeier Decl., ECF No. 6-1 at 5-8, ¶¶ 12-20. The data that MCGIP gathered, separated out by Doe defendant, is listed in Exhibit A to the complaint and includes each defendant's IP address, the ISP that assigned that IP address, and the date and time the defendant infringed on its copyrighted work. Exh. A, ECF No. 1-2 at 2-5. MCGIP has been unable to further identify the Doe defendants. Hansmeier Declaration, ECF No. 6-1 at 6, ¶ 15.

Third, MCGIP pled the essential elements to state a claim for copyright infringement.

Complaint, ECF No. 1 at 6-9, ¶¶ 18-39.[1]

Fourth, MCGIP has demonstrated that the proposed subpoena seeks information likely to lead to identifying information that will allow it to effect service of process on the Doe defendants. Specifically, the proposed subpoena requests that each ISP produce information sufficient to identify the Doe defendant who subscribed to its service, including the defendant's name, address, telephone number, email address, and media access control address. Motion, ECF No. 6 at 15.

Taken together, the court finds that the foregoing factors demonstrate good cause exists to grant MCGIP leave to conduct early discovery generally. *See Semitool*, 208 F.R.D. at 276. Furthermore, the court finds that early discovery furthers the interests of justice and poses little, if any, inconvenience to the subpoena recipient. Permitting MCGIP to engage in this limited, early discovery is therefore consistent with Rule 26(d).

## B. MCGIP Failed to Show that Permissive Joinder is Appropriate

Under Rule 20(a), permissive joinder of defendants is appropriate where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [ ] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Where misjoinder occurs, the court may, on just terms, add or drop a party so long as "no substantial right will be prejudiced by the severance." *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); Fed. R. Civ. P. 21. Courts should construe Rule 20 liberally "in order to promote trial convenience and to expedite the final determination of disputes." *See League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). Courts may consider various factors to determine whether joinder "comport[s] with the fundamental principles of fairness," including the

---

[1] MCGIP arguably did not plead the elements for a civil conspiracy claim. *See Millennium TGA, Inc. v. Doe*, No. C 11–2258 SC, 2011 WL 1812786, at *2 (N.D. Cal. May 12, 2011) (dismissing an identical claim asserted by MCGIP's counsel in a different case). Also, other than allegations that the Doe defendants engaged in similar conduct, MCGIP has not pled sufficient facts to show that they agreed to commit a wrongful act (i.e. they were part of the same swarm). Nonetheless, because MCGIP sufficiently pled the essential elements of a copyright infringement claim, it satisfied the third requirement for early discovery.

possibility of prejudice to the parties and the motives of the party seeking joinder. *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).

Other courts in this district and elsewhere have found misjoinder in similar copyright infringement cases. *See, e.g., Diabolic Video Prods. v. Does 1-2099*, No. C 10-5865 PSG, 2011 U.S. Dist. LEXIS 58351, at *9 (N.D. Cal. May 31, 2011); *Pac. Century Int'l, Ltd. v. Does 1-101*, No. C 11-02533 DMR, 2011 U.S. Dist. LEXIS 73837, at *7-*14 (N.D. Cal. Jul. 8, 2011) (collecting cases); *IO Group, Inc. v. Does 1-435*, No. C 10-4382 SI, 2011 WL 445043, at *3-*6 (N.D. Cal. Feb. 3, 2011) (collecting cases). Those courts have found allegations that BitTorrent users downloaded the same copyrighted files insufficient to support joinder. *See, e.g., Pac. Century Int'l*, 2011 U.S. Dist. LEXIS 73837 at *12-*13. In contrast, other courts have found joinder appropriate at this stage in the litigation. *See, e.g., Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 342-43 (D.D.C. 2011); *Donkeyball Movie, LLC v. Does 1-171*, Civil Action No. 10–1520 (BAH), 2011 WL 1807452, at *4-*5 (D.D.C. May 12, 2011); *West Coast Prod., Inc. v. Does 1-5829*, Civil Action No. 11–57 (CKK), 2011 WL 2292239, at *5-*6 (D.D.C. Jun. 10, 2011).

The court concludes here that MCGIP fails to demonstrate that joinder is appropriate. It argues that the Doe defendants are properly joined "even if they were not engaged in a contemporaneous swarm because they have contributed to the chain of data distribution due to their prior involvement in like swarms." Complaint, ECF No. 1 at 3, ¶ 5, *see also* Hansmeier Declaration, ECF No. 6-1 at 4-5, ¶ 9 (acknowledging that different uploaded versions of the protected work spawn discrete swarms that cluster around the original seed file). Moreover, the "nature of the BitTorrent distribution protocol necessitates a concerted action by many people in order to disseminate files." *Id.* But, these arguments fail. *See, e.g., Pac. Century Int'l*, 2011 U.S. Dist. LEXIS 73837 at *12-*13. MCGIP relies on the fact that the Doe defendants engaged in the same behavior concerning the same protected work to justify joinder. Complaint, ECF No. 1 at 3, ¶ 9. Without more, permissive joinder is inappropriate, particularly given that 149 Doe defendants are potentially from "states across the United States," and downloaded the protected work at various dates and times ranging from March 28 to May 6, 2011. Complaint, ECF No. 1-2 at 2-5, Ex. A; *See Diabolic Video Prods.*, 2011 U.S. Dist. LEXIS 58351 at *11 n.16 (collecting cases); Hansmeier Declaration, ECF No. 6-1 at 5, ¶ 10;

Complaint, ECF No. 1-2 at 2-5, Ex. A.

Joinder also fails to promote trial convenience and expedition of the ultimate determination of the substantive issues in this case. Though the 149 Doe defendants may have engaged in similar behavior, they are likely to present different defenses. *See BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at 1 (E.D. Pa. Apr. 2, 2004). As one court noted, "Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe." *Id.* Additionally, because the Doe defendants are from "states across the United States," this court may not have personal jurisdiction over some, if not all, of the Doe defendants.[2] Hansmeier Declaration, ECF No. 6-1 at 5, ¶ 10. In short, joining 149 Doe defendants who will likely assert a multiplicity of defenses and who may not even be subject to personal jurisdiction in this court will not promote trial convenience and expedition of the ultimate determination of the substantive issues in this case.

## IV. CONCLUSION

For the reasons stated above, the court **SEVERS** Does 2-149 from this action and **DISMISSES WITHOUT PREJUDICE** MCGIP's claims against them. Should MCGIP refile separate complaints against any of these defendants within 20 days of this order, those suits will be deemed a continuation of the original action for purposes of the statute of limitations.

The court **GRANTS** MCGIP's *Ex Parte* Motion for Expedited Discovery with respect to Doe 1 as follows.

1. **IT IS HEREBY ORDERED** that Plaintiff may immediately serve a Rule 45 subpoena on

---

[2] Using geolocation technology that is publicly-available, MCGIP apparently could identify the physical locations of the IP addresses down to the city or the adjacent city in which the IP address is located. *See Nu Image, Inc. v. Does 1-23,322*, Civil Action No. 11–cv–00301 (RLW), 2011 WL 3240562, at *4 (D.D.C. July 29, 2011) (permitting early discovery on Doe defendants who had IP addresses located in a 30-mile radius around Washington, D.C.). While MCGIP provided the court with the ISPs corresponding to the target IP addresses, it does not indicate the physical locations of the IP addresses, other than stating that Mr. Hansmeier "observed swarms that were hundreds of users large that contained peers from states across the United States as well as many countries around the world." Hansmeier Declaration, ECF No. 6-1 at 5, ¶ 10.

1. the Internet Service Provider (ISP) listed in Exhibit A to the complaint to obtain information to identify Doe 1, including his or her name, address, telephone number, email address, and media access control address. The subpoena shall have a copy of this order attached.

2. **IT IS FURTHER ORDERED** that the ISP will have 30 days from the date of service upon them to serve Doe 1 with a copy of the subpoena and a copy of this order. The ISP may serve Doe 1 using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

3. **IT IS FURTHER ORDERED** that Doe 1 shall have 30 days from the date of service upon him or her to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without Doe 1 contesting the subpoena, the ISP shall have 10 days to produce the information responsive to the subpoena to Plaintiff.

4. **IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

5. **IT IS FURTHER ORDERED** that the ISP that receives a subpoena pursuant to this order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. The ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by the ISP.

6. **IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this order along with any subpoenas issued pursuant to this order to the necessary entities.

7. **IT IS FURTHER ORDERED** that any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

This terminates ECF No. 6.

**IT IS SO ORDERED.**

Dated: August 3, 2011

_____
LAUREL BEELER
United States Magistrate Judge

C 11-02331 LB
ORDER RE EARLY DISCOVERY AND JOINDER
7