UNITED STATES  DISTRICT COURT

Northern District of California

Oakland Division

MCGIP, LLC,

                    Plaintiff,

        v.

DOES 1-149,

                    Defendants.

_____/

No. C 11-02331 LB

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

**[ECF No. 10]**

## I.  INTRODUCTION

Plaintiff MCGIP, LLC ("MCGIP") asserts claims for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* and for civil conspiracy.  Complaint, ECF No. 1.[1]  Previously, it sought permission to take limited, expedited discovery from certain Internet Service Providers ("ISPs") to identify and name the Doe defendants in this case, ostensibly to complete service of process.[2]  *Ex Parte* Motion for Expedited Discovery, ECF No. 6 at 4.  On August 3, 2011, the court granted MCGIP's motion for early discovery, but severed Doe defendants 2-149 for misjoinder.  8/3/11 Amended Order, ECF No. 9.  The court issued an amended order on August 15, 2011.  8/15/11 Amended Order, ECF No. 13.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[2] MCGIP consented to this court's jurisdiction on May 11, 2011.  ECF No. 5.

1    On August 5, 2011, MCGIP moved for leave to file an amended complaint that "fortifies

2    Plaintiff's factual allegations in favor of joining one-hundred and forty-nine Doe Defendants."

3    Motion, ECF No. 10 at 5.  Pursuant to Civil Local Rule 7-1(b), the court finds that this matter is

4    suitable for determination without oral argument, and the September 22, 2011 hearing is vacated.  In

5    short, because MCGIP's amended complaint fails to demonstrate that any of the 149 Doe defendants

6    actually took concerted action with one another to illegally download MCGIP's copyrighted work,

7    joinder is inappropriate; thus, the court denies its motion for leave to file an amended complaint.

## II.  BACKGROUND

9    MCGIP is a Minnesota-based company that is the exclusive licensee for the reproduction and

10   distribution rights for "Watching My Daughter Go Black 2," a pornographic film.  Complaint, ECF

11   No. 1 at 2-3, ¶ 5, 4, ¶ 6.  A copyright application for this work is currently pending.  *Id.* at 6, ¶ 20.

12   According to MCGIP, the Doe defendants, without its permission, reproduced and distributed its

13   film to numerous third parties through the BitTorrent peer-to-peer file sharing network in violation

14   of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and caused economic and reputational harm.

15   *Id.* at 7, ¶ 23, 8, ¶ 29; *see also id.*  ¶¶ 32-39 (also claiming a common-plan civil conspiracy to

16   unlawfully reproduce and distribute the work).

17   Because the peer-to-peer file sharing network that the Doe defendants utilized is partially

18   anonymous, MCGIP does not know the Doe defendants' names and addresses and cannot complete

19   service of process on them.  Motion for Early Discovery, ECF No. 6 at 4.  However, it was able to

20   identify the Internet Protocol ("IP") address assigned to each of the Doe defendants and the date and

21   time that each defendant allegedly infringed on MCGIP's copyrighted work.  *Id.*; Complaint, ECF

22   No. 1-2 at 2-5, Exh. A.  MCGIP was also able to identify the Internet Service Provider ("ISP") for

23   each of the IP addresses.  Motion for Early Discovery, ECF No. 6 at 5.  With that information in

24   hand, MCGIP asked for early discovery under Federal Rule of Civil Procedure 26(d) and leave to

25   serve Rule 45 third-party subpoenas on each ISP associated with the identified IP addresses to obtain

26   the names and contact information of the Doe defendants to effect service of process on them.  *Id.* at

27   14-15 and Ex. A.

28   The court granted MCGIP's motion for early discovery, but only with respect to Doe 1.  8/15/11

UNITED STATES DISTRICT COURT
For the Northern District of California

C 11-02331 LB
ORDER DENYING PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT

1  Order, ECF No. 13.  Finding misjoinder, the court severed and dismissed Doe defendants 2-149.  *Id.*

2  MCGIP filed a motion for leave to file an amended complaint to strengthen its factual allegations

3  regarding joinder.  Motion, ECF No. 10.  The more robust joinder allegations in MCGIP's amended

4  complaint seek to cure the deficiencies the court noted in its order severing the Doe defendants from

5  this case, thereby justifying early discovery as to all Doe defendants.  *Id.*

### III.  LEGAL STANDARDS

7  **A. <u>Rule 15</u>**

8  "A party may amend its pleading once as a matter of course [] before being served with a

9  responsive pleading."  Fed. R. Civ. P. 15(a)(1).  After a responsive pleading is filed, "a party may

10  amend its pleading only with the opposing party's consent or the court's leave."  Fed. R. Civ. P.

11  15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  This leave policy is

12  applied with "extreme liberality."  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051

13  (9th Cir. 2003).  A court considers five factors to determine whether to grant leave to amend: (1) bad

14  faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5)

15  whether the plaintiff previously amended his complaint.  *See Nunes v. Ashcroft*, 375 F.3d 805, 808

16  (9th Cir. 2004).  Delay alone is insufficient to justify denial of leave to amend.  *Jones v. Bates*, 127

17  F.3d 839, 847 n.8 (9th Cir. 1997).  Of the factors, prejudice to the opposing party is the "touchstone

18  of the inquiry under rule 15(a)" and "carries the greatest weight."  *See Eminence Capital*, 316 F.3d

19  at 1052.  Absent prejudice or a strong showing on other factors, a presumption exists under Rule

20  15(a) favoring granting leave to amend.  *See id.*

21  **B. <u>Joinder</u>**

22  Under Rule 20(a), permissive joinder of defendants is appropriate where "any right to relief is

23  asserted against them jointly, severally, or in the alternative with respect to or arising out of the

24  same transaction, occurrence, or series of transactions or occurrences; and [ ] any question of law or

25  fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Where misjoinder

26  occurs, the court may, on just terms, add or drop a party so long as "no substantial right will be

27  prejudiced by the severance."  *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); Fed. R.

28  Civ. P. 21.  Courts should construe Rule 20 liberally "in order to promote trial convenience and to

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1   expedite the final determination of disputes." *See League to Save Lake Tahoe v. Tahoe Reg'l*

2   *Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). Courts may consider various factors to

3   determine whether joinder "comport[s] with the fundamental principles of fairness," including the

4   possibility of prejudice to the parties and the motives of the party seeking joinder. *See Desert*

5   *Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).

6                                   **IV.  ANALYSIS**

7        MCGIP first argues that the nature of the BitTorrent system necessitates "deep and sustained

8   collaboration" among its users. Motion, ECF No. 10 at 11. This nature, MCGIP contends,

9   distinguishes the BitTorrent file-sharing platform from the other platforms that courts have found

10  inadequate to support joinder in other cases. *Id.* Because each peer user "who has a copy of the

11  infringing copyrighted material (or even a portion of a copy) [] is also a source of download for that

12  infringing file," the BitTorrent protocol mandates a unique level of interactivity among its users. *Id.*

13  at 15, 17. For this reason, MCGIP says its complaint is aimed only at Doe defendants who

14  intentionally entered the same swarm, downloaded the same seed file, and "collaborated with one

15  another – both contemporaneously and over time."[3] *Id.* at 18.

16       MCGIP also asserts that its allegations satisfy the pleading requirements for joinder at this stage

17  of the litigation. *Id.* at 11. Citing a case from this District, it argues that assessing joinder at this

18  stage in the litigation is premature because the early discovery seeks to learn only identifying facts

19  necessary to permit service on Doe defendants. *Id.* at 13-14 (citing *MCGIP, LLP v. Does 1-18*, No.

20  C–11–1495 EMC, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011)).

21       Both of MCGIP's arguments fail. First, even assuming that the Doe defendants in this case

22  entered the same swarm and downloaded the same seed file,[4] MCGIP has failed to show that any of

23  _____

24       [3]MCGIP also alleges that Doe defendants have IP addresses located in California and are
     therefore subject to personal jurisdiction in this court. Motion, ECF No. 10 at 24-25.

25

26       [4] In its motion, MCGIP argues that its allegations in the initial complaint made clear that all
     of the Doe defendants participated in a single swarm. Motion, ECF No. 10 at 7, n.1. However,

27  Peter Hansmeier's declaration in support of the motion for early discovery belies this contention, as
     he seems to refer to multiple swarms throughout his declaration. For example, he states, "The first

28  step in the infringer-identification process is to locate swarms where peers are distributing the

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1  the 149 Doe defendants actually exchanged any piece of the seed file with one another.  *See Boy*

2  *Racer, Inc. v. Does 1-60*, No. C 11–01738 SI, 2011 WL 3652521, at *4 (N.D. Cal. Aug. 19, 2011)

3  (finding misjoinder because "Plaintiff [did] not plead facts showing that any particular defendant

4  illegally shared plaintiff's work with any other particular defendant").  MCGIP's amended complaint

5  attempts to address this issue by alleging that "[t]he Defendants were collectively engaged in the

6  conspiracy even if they were not engaged in the swarm contemporaneously because they all took

7  concerted action that contributed to the chain of data distribution."  Proposed Amended Complaint,

8  ECF No. 10-1 at 5, ¶ 10.  Here, the alleged "chain of data distribution" spans 149 defendants, 14

9  different ISPs, and 36 separate days between March 28, 2011 and May 11, 2011.  *See* Complaint,

10  ECF No. 1-2 at 2-5, Ex. A.  Absent evidence that the Doe defendants actually acted in concert to

11  illegally download "Watching My Daughter Go Black 2" on those 36 separate days (and MCGIP

12  provides none), joinder is inappropriate.  *See, e.g., Boy Racer*, 2011 WL 3652521 at *4; *Hard Drive*

13  *Productions, Inc. v. Does 1-188*, No. C–11–01566 JCS, 2011 WL 3740473, at *7-14 (N.D. Cal.

14  Aug. 23, 2011) (collecting cases); *AF Holdings LLC v. Does 1-97*, No. C–11–03067–CW (DMR),

15  2011 WL 2912909, at *4 (N.D. Cal. July 20, 2011) (holding that even though BitTorrent protocols

16  differ from previous peer-to-peer platforms, joinder is improper).

17      Second, MCGIP's litigation strategy[5] also effectively precludes consideration of joinder issues at

18  _____

19  copyrighted creative works."  Hansmeier Declaration, ECF No. 6-1 at 6, ¶ 13.  Mr. Hansmeier then

20  says, "I used all three methods to locate swarms associated with Plaintiff's exclusive license."  *Id.* at
    ¶ 14.  Several courts have noted this identical problem.  *See, e.g., Hard Drive Productions, Inc. v.*

21  *Does 1-188*, No. C–11–01566 JCS, 2011 WL 3740473, at *14 (N.D. Cal. Aug. 23, 2011); *Boy Racer*
    *v. Does 2-52*, No. C 11-02834 LHK (PSG), 2011 U.S. Dist. LEXIS 86746, at *8 (N.D. Cal. Aug. 5,

22  2011) ("But the Hansmeier declaration itself offers overwhelming evidence that the IP addresses
    were in fact gathered from multiple swarms.").  The disconnect between MCGIP's complaint and

23  Mr. Hansmeier's declaration appears to stem from the fact that the declaration is a template that is

24  not tailored to the facts of this case.  Mr. Hansmeier makes no reference to "Watching My Daughter
    Go Black 2," "so it is unclear whether Mr. Hansmeier, himself, understands which copyrighted work

25  is at issue in this action."  *OpenMind Solutions, Inc. v. Does 1-39*, No. C 11–3311 MEJ, 2011 WL

26  3740714, at *2 (N.D. Cal. Aug. 23, 2011).

27      [5] Copyright infringement cases such as this ordinarily maintain a common arc: (1) a plaintiff
    sues anywhere from a few to thousands of Doe defendants for copyright infringement in one action;

28  (2) the plaintiff seeks leave to take early discovery; (3) once the plaintiff obtains the identities of the

UNITED STATES DISTRICT COURT
For the Northern District of California

1    a later point in the proceedings.  By not naming or serving a single defendant, MCGIP ensures that

2    this case will not progress beyond its infant stages and therefore, the court will never have the

3    opportunity to evaluate joinder. Deferring a ruling on joinder, then, would "encourage[] [p]laintiffs .

4    . . to join (or misjoin) as many doe defendants as possible." *See Arista Records, LLC v. Does 1-11*,

5    Case No. 1:07-CV-2828, 2008 U.S. Dist. LEXIS 90183, at *17 (N.D. Oh. Nov. 3, 2008) (citation

6    omitted).  Consequently, the court's decision to address joinder at this point is critical to ensuring

7    compliance with the Federal Rules of Civil Procedure. *See Boy Racer, Inc.*, 2011 WL 3652521 at *4

8    n.1.

9                                      **V.  CONCLUSION**

10        Because the proposed amended complaint does not allege facts to show that the 149 Doe

11   defendants actually acted in concert with one another to download copyrighted material, joinder

12   remains inappropriate.  As a result, amendment would be futile.  Accordingly, the court **DENIES**

13   MCGIP's motion for leave to file an amended complaint.  MCGIP may renew a motion for leave to

14   amend if it can plead facts that demonstrate that the Doe defendants actually collaborated with one

15   another to illegally download "Watching My Daughter Go Black 2."

16        This disposes of ECF No. 10.

17

18   IP subscribers through early discovery, it serves the subscribers with a settlement demand; (4) the
19   subscribers, often embarrassed about the prospect of being named in a suit involving pornographic
     movies, settle. *IO Group, Inc. v. Does 1-435*, No. C 10-04382 SI, 2011 WL 445043, at *6 (N.D.
20   Cal. Feb. 3, 2011).  Thus, these mass copyright infringement cases have emerged as a strong tool for
     leveraging settlements – a tool whose efficiency is largely derived from the plaintiffs' success in
21   avoiding the filing fees for multiple suits and gaining early access *en masse* to the identities of
22   alleged infringers.

23        Indeed, as of September 1, 2011, it appears that MCGIP's counsel, Brett Gibbs, has filed 49
24   cases (eight on behalf of MCGIP) in the Northern District that are largely identical to this case.  He
     has sued thousands of Doe defendants (hundreds on behalf of MCGIP) in these cases but has yet to
25   serve any of them.  Thus, the facts belie MCGIP's assertion that it will "fully identify" the Doe
     defendants during the course of the litigation.  On the contrary, MCGIP and its counsel appear
26   content to force settlements without incurring any of the burdens involved in proving their cases.
27   And, while the courts favor settlements, "filing one mass action in order to identify hundreds of doe
     defendants through pre-service discovery and facilitate mass settlement, is not what the joinder rules
28   were established for." *IO Group, Inc.*, 2011 WL 445043 at *6.

1    **IT IS SO ORDERED.**

2    Dated: September 16, 2011

3                                          _____
                                            LAUREL BEELER
4                                           United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California

C 11-02331 LB
ORDER DENYING PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT